UNITED STATES DISTRICT COURT
                         DISTRICT OF MAINE

| | |
|---|---|
| C.J. TREFRY, as Parent of CT and JT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:11-cv-00107-JAW |
| ) | |
| JENNIFER GRANHOLIN, *et al.*, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |
| ) | |
| C.J. TREFRY, as Parent of CT and JT, ) | |
| ) | |
| Plaintiff ) | |
| ) | 2:11-cv-00108-JAW |
| v. ) | |
| ) | |
| JAMES COCHORANE, *et al.*, ) | |
| ) | |
| Defendants ) | |

**ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES
AND
RECOMMENDATION OF DISMISSAL**

Having considered the applications to proceed without prepayment of fees under 28 U.S.C. § 1915, IT IS ORDERED that the applications are GRANTED. The Clerk is directed to file the Complaints without the prepayment of fees or the necessity of giving security therefor.

**RECOMMENDATION**

Notwithstanding Trefry's *in forma pauperis* status, this court has an obligation under 28 U.S.C. § 1915(e)(2)(B)(ii) to dismiss those complaints which fail to state a claim on which relief may be granted. "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citing Franklin v.

Murphy, 745 F.2d 1221, 1226 (9th Cir. 1984));  accord Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Accordingly, I recommend that no service documents issue against the named defendants, who include the governor of Michigan, and that the Court summarily dismiss both complaints.

Trefry identifies herself as a resident of Biddeford, Maine. In her first lawsuit, Trefry, *as Parent of CT and JT* v. Granholm, *et al.*, 2:11-cv-00107-JAW, Trefry invokes this Court's diversity jurisdiction and she also alleges "constitutional torts for detaining us" and civil rights violations, presumably triggering federal question jurisdiction. Trefry names nine Michigan defendants and two Massachusetts defendants in the caption of her complaint.[1] The handwritten complaint is sparse, simply containing the allegation that this collection of named defendants negligently detained the plaintiff and her children in Michigan, perceiving them to be homeless. A review of the four exhibits attached to the complaint provides some detail.

The first exhibit is a March 31, 2005, letter to the governor of Michigan informing her that the State of Michigan was wrongfully detaining Trefry's two minor children in protective custody simply because Trefry and her children took a shower at the Battle Creek, Michigan YMCA. In the letter, Trefry identifies the children and herself as residents of Massachusetts who were simply traveling in Michigan for "business, pleasure, and homeschooling purposes." The letter notes that Trefry had been involved in "negotiations" regarding her homeschooling education plan for the 2004-2005 school year with Massachusetts authorities, including a social

---

[1] I am not sure why, but the two Massachusetts defendants named in the caption, Lisa Edmonds and James Hayes, did not make it onto the docket. It matters not because this complaint provides absolutely no allegations concerning them other than the identifying information in the caption, which appears to provide a phone number and a job title for each. Lisa Edmonds received a letter from Trefry in 2005.

2

worker named Lisa Edmunds. Apparently, those negotiations broke down in early 2005 and the Massachusetts authorities had alleged educational neglect. In any event, Trefry's letter implored the governor to release the children from foster care, returning them to her forthwith. Trefry's second exhibit is a letter she wrote earlier, in January 2005, to Lisa Edmunds in Massachusetts, providing further details concerning the educational dispute in Massachusetts. The third exhibit is a copy of a motion that Trefry may have filed in the Michigan family division court objecting to psychological testing being performed on her children. The motion is not dated. Finally, the fourth exhibit is a copy of an order signed by a Michigan probate judge on March 24, 2005, committing plaintiff's two children to the temporary custody of Michigan child protective services.

In her second lawsuit, Trefry, *as Parent of CT and JT* v. Cochorane, *et al.*, 2:11-cv-00108-JAW, Trefry names six defendants. The complaint requests $34,000,000 in damages for breach of contract and alleges that Defendant Theresa Philips pressured Trefry into signing a contract regarding the issues surrounding her children and then broke the contract. Attached to this exhibit is a Michigan document that sets forth visitation guidelines between Trefry and her children. The contract is dated April 27, 2005, and is signed by Philips and Trefry. The second exhibit attached to this complaint is a copy of the letter to Lisa Edmunds, dated January 7, 2005, also filed in the first case. There is absolutely no information about the people who are named as defendants in this case, other than Theresa Philips.

Trefry's claim in this Court involves events that occurred in Massachusetts and Michigan in 2005, allegedly leading to a violation of Trefry's and her children's constitutional rights. She certainly has failed to allege a "plausible suggestion of conspiracy" between these various individuals—as required under federal civil rights statutes—that would justify lumping all of the defendants into one category. See Ashcroft v. Iqbal, 129 S.Ct 1937 (2009); Neitzke, 490 U.S. at

327-28; Purvis v. Ponte, 929 F.2d 822, 826 -827 (1st Cir. 1991). Although Trefry believes that her factual allegations depict a wrong done to her and her children, that does not mean the complaint cannot be dismissed for failure to state a federal constitutional claim. Simply because Trefry and her children may have been treated poorly in Michigan in 2005, it does not follow that the process of this Court can be invoked to bring an action that names all of these out-of-state people as defendants and seeks millions of dollars in monetary damages. Trefry simply must present plausible allegations and a good reason for invoking this Court's jurisdiction before a lawsuit like this can initiate the formal channels of court process.

## Conclusion

For reasons set forth above, I recommend summary dismissal of these actions pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

March 25, 2011